# LOUISVILLE AND NASHVILLE RAILROAD COMPANY v. BARBER ASPHALT PAVING COMPANY.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 170.   Argued March 7, 8, 1905.—Decided April 3, 1905.

In determining whether an improvement does, or does not, benefit property within the assessment district, the land should be considered simply in its general relations and apart from its particular use at the time; and an assessment, otherwise legal, for grading, paving and curbing an adjoining street is not void under the Fourteenth Amendment because the lot is not benefited by the improvement owing to its present particular use.

A system of delusive exactness should not be extracted from the very general language of the Fourteenth Amendment in order to destroy methods of taxation which were well known when the Amendment was adopted, and which no one then supposed would be disturbed.

THE facts are stated in the opinion.

*Mr. Helm Bruce,* with whom *Mr. James P. Helm* and *Mr. T. K. Helm* were on the brief, for plaintiff in error:

The only constitutional basis for taxation by special assessment upon selected property, as distinguished from general taxation, is special benefits to the property assessed from the improvement.   2 Dillon Mun. Corp. § 761; *Barnes* v. *Dyer,* 56 Vermont, 469; *McCormack* v. *Patchin,* 56 Missouri, 33; *State* v. *Mayor,* 37 N. J. Law, 415; *Hammett* v. *Philadelphia,* 65 Pa. St. 146, 153; *King* v. *Portland,* 38 Oregon, 402; *S. C.,* 184 U. S. 61, 69; *Preston* v. *Roberts,* 12 Bush, 587; *Norwood* v. *Baker,* 172 U. S. 269; *French* v. *Asphalt Co.,* 181 U. S. 324, 345.

Where it is patent that the plan or method adopted results in imposing a burden in substantial excess of the benefits or disproportionate within the district as between owners the assessment will not be upheld.   *King* v. *Portland, supra; Voight* v. *Detroit,* 184 U. S. 115; *Schaefer* v. *Werling,* 188 U. S. 516; *Adams* v. *Shelbyville,* 154 Indiana, 467; *Lathrop* v. *Racine,* 119

Wisconsin, 461; *White* v. *Tacoma*, 109 Fed. Rep. 32; *S. C.*, 53 Cent. Law. Jour. 281; *Sears* v. *Boston*, 173 Massachusetts, 71; *Hutchison* v. *Storrie*, 92 Texas, 685; *Schroder* v. *Overman*, 61 Ohio St. 1; *Kersten* v. *Milwaukee*, 106 Wisconsin, 200; *Smith* v. *Worcester*, 182 Massachusetts, 232.

The property involved is peculiar; it belongs to a class by itself, it is a railway right of way and is not, in fact, cannot be benefited and hence should not be assessed. *Alleghany* v. *West Penna. R. R. Co.*, 138 Pa. St. 375; *C., M. & St. P. Ry. Co.* v. *Milwaukee*, 89 Wisconsin, 506; *Detroit &c. Ry. Co.* v. *Grand Rapids*, 106 Michigan, 13; *N. J. R. R. Co.* v. *Elizabeth*, 37 N. J. Law, 330; *Chicago &c. Ry. Co.* v. *Ottumwa*, 112 Iowa, 300; *N. Y. &c. Ry. Co.* v. *New Haven*, 42 Connecticut, 279; *Northern Indiana Ry. Co.* v. *Connelly*, 10 Ohio St. 159; *Peru &c. Ry. Co.* v. *Hanna*, 68 Indiana, 567; and *Ill. Cent. R. R. Co.* v. *Decatur*, 147 U. S. 190, distinguished.

*Mr. William Furlong* and *Mr. A. E. Richards*, with whom *Mr. Benjamin F. Washer* was on the brief, for defendants in error:

*French* v. *Asphalt Co.*, 181 U. S. 324, put at rest all discussion as to the scope of *Norwood* v. *Baker*, 172 U. S. 269, and affirmed the validity of those systems of taxation in which the legislature, determining finally and conclusively the question of benefits, prescribes the tax territory to meet the cost of local improvements. See also cases in 181 U. S. following *French* v. *Asphalt Co.*, and *King* v. *Portland*, 184 U. S. 61; *Chadwick* v. *Kelley*, 187 U. S. 540; *Seattle* v. *Kelleher*, 195 U. S. 351.

This court has sustained the Kentucky method of assessment in *Walston* v. *Nevin*, 128 U. S. 578. There is nothing in the fact that the lot involved in this case is a railroad right of way which differentiates it from other property in the district. It is property. *Keener* v. *Union Pacific*, 31 Fed. Rep. 128; *Ludlow* v. *Railroad Co.*, 78 Kentucky, 357, and cases cited; *Cicero* v. *Chicago R. R. Co.*, 176 Illinois, 501; *Railroad Co.* v. *Paving Co.*, 54 N. E. Rep. 1076; *Railroad Co.* v. *Passaic*, 54

N. J. Law, 341; Smith on. Modern Law of Mun. Corp. § 1239; *Ill. Cent. R. R. Co.* v. *Decatur*, 147 U. S. 190.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding under the Kentucky Statutes, § 2834, to enforce a lien upon a lot adjoining a part of Frankfort avenue, in Louisville, for grading, curbing and paving with asphalt the carriageway of that part of the avenue. The defendant, the plaintiff in error, pleaded that its only interest in the lot was a right of way for its main roadbed, and that neither the right of way nor the lot would or could get any benefit from the improvement, but on the contrary rather would be hurt by the increase of travel close to the defendant's tracks. On this ground it set up that any special assessment would deny to it the equal protection of the laws, contrary to the Fourteenth Amendment of the Constitution of the United States. It did not object to the absence of the parties having any reversionary interest, but defended against any special assessment on the lot. The answer was demurred to, judgment was rendered for the plaintiff, and this judgment was affirmed by the Kentucky Court of Appeals. 76 S. W. Rep. 1097. A writ of error was taken out, and the case was brought to this court. It will be noticed that the case concerns only grading, curbing and paving, and what we shall have to say is confined to a case of that sort.

The State of Kentucky created this lien by a statute entitled "An act for the government of cities of the first class." Louisville is the only city of the first class at present in Kentucky, and the general principles of the act are taken verbatim from the part of the charter of Louisville which was considered and upheld by this court in *Walston* v. *Nevin*, 128 U. S. 578. But we take the statute as a general prospective law and not as a legislative adjudication concerning a particular place and a particular plan such as may have existed in *Spencer* v. *Merchant*, 125 U. S. 345, and as was thought to exist in *Smith*

v. *Worcester*, 182 Massachusetts, 232, referred to at the argument.

The law provides in the case of original construction, such as this improvement was, that it shall be made at the exclusive cost of the adjoining owners, to be equally apportioned according to the number of feet owned by them. In the case of a square or subdivision of land bounded by principal streets, which the land including the defendant's lot was held to be, see *Cooper* v. *Nevin*, 90 Kentucky, 85; *Nevin* v. *Roach*, 86 Kentucky, 492, 499, the land is assessed half way back from the improvement to the next street. Acts of 1898, c. 48. Ky. Stat. § 2833. A lien is imposed upon the land and "the general council, or the courts in which suits may be pending, shall make all corrections, rules, and orders to do justice to all parties concerned." Section 2834. The principle of this mode of taxation seems to have been familiar in Kentucky for the better part of a hundred years. *Lexington* v. *McQuillan*, 9 Dana, 513.

The argument for the plaintiff in error oscillates somewhat between the objections to the statute and the more specific grounds for contending that it cannot be applied constitutionally to the present case. So far as the former are concerned they are disposed of by the decisions of this court. There is a look of logic when it is said that special assessments are founded on special benefits and that a law which makes it possible to assess beyond the amount of the special benefit attempts to rise above its source. But that mode of argument assumes an exactness in the premises which does not exist. The foundation of this familiar form of taxation is a question of theory. The amount of benefit which an improvement will confer upon particular land, indeed whether it is a benefit at all, is a matter of forecast and estimate. In its general aspects at least it is peculiarly a thing to be decided by those who make the law. The result of the supposed constitutional principle is simply to shift the burden to a somewhat large taxing district, the municipality, and to disguise rather than to answer the theoretic

doubt. It is dangerous to tie down legislatures too closely by judicial constructions not necessarily arising from the words of the Constitution. Particularly, as was intimated in *Spencer* v. *Merchant*, 125 U. S. 345, it is important·for this court to avoid extracting from the very general language of the Fourteenth Amendment a system of delusive exactness in order to destroy methods of taxation which were well known when that Amendment was adopted and which it is safe to say that no one then supposed would be disturbed. It now is established beyond permissible controversy that laws like the one before us are not contrary to the Constitution of the United States. *Walston* v. *Nevin*, 128 U. S. 578; *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324; *Webster* v. *Fargo*, 181 U. S. 394; *Cass Farm Co.* v. *Detroit*, 181 U. S. 396; *Detroit* v. *Parker*, 181 U. S. 399; *Chadwick* v. *Kelley*, 187 U. S. 540, 543, 544; *Schaefer* v. *Werling*, 188 U. S. 516; *Seattle* v. *Kelleher*, 195 U. S. 351, 358.

A statute like the present manifestly might lead to the assessment of a particular lot for a sum larger than the value of the benefits to that lot. The whole cost of the improvement is distributed in proportion to area, and a particular area might receive no benefits at all, at least if its present and probable use be taken into account. If that possibility does not invalidate the act it would be surprising if the corresponding fact should invalidate an assessment. Upholding the act as embodying a principle generally fair and doing as nearly equal justice as can be expected seems to import that if a particular case of hardship arises under it in its natural and ordinary application, that hardship must be borne as one of the imperfections of human things. And this has been the implication of the cases. *Davidson* v. *New Orleans*, 96 U. S. 97, 106; *Mattingly* v. *District of Columbia*, 97 U. S. 687, 692; *Parsons* v. *District of Columbia*, 170 U. S. 45, 52, 55; *Detroit* v. *Parker*, 181 U. S. 399, 400; *Chadwick* v. *Kelley*, 187 U. S. 540, 544.

But in this case it is not necessary to stop with these general considerations. The plea plainly means that the improve-

ment will not benefit the lot because the lot is occupied for railroad purposes and will continue so to be occupied. Compare *Chicago, Burlington & Quincy R. R.* v. *Chicago*, 166 U. S. 226, 257, 258. That, apart from the specific use to which this land is devoted, land in a good-sized city generally will get a benefit from having the streets about it paved, and that this benefit generally will be more than the cost, are propositions which, as we already have implied, a legislature is warranted in adopting. But, if so, we are of opinion that the legislature is warranted in going one step further and saying that on the question of benefit or no benefit the land shall be considered simply in its general relations and apart from its particular use. See *Illinois Central R. R.* v. *Decatur*, 147 U. S. 190. On the question of benefits the present use is simply a prognostic, and the plea a prophecy. If an occupant could not escape by professing his desire for solitude and silence, the legislature may make a similar desire fortified by structures equally ineffective. It may say that it is enough that the land could be turned to purposes for which the paving would increase its value. Indeed, it is apparent that the prophecy in the answer cannot be regarded as absolute, even while the present use of the land continues—for no one can say that changes might not make a station desirable at this point; in which case the advantages of a paved street could not be denied. We are not called on to say that we think the assessment fair. But we are compelled to declare that it does not go beyond the bounds set by the Fourteenth Amendment of the Constitution of the United States.

*Judgment affirmed.*

MR. JUSTICE HARLAN, not having been present at the argument, took no part in the decision.

MR. JUSTICES WHITE and PECKHAM dissent.