IN RE ACQUISITION OF LANDS IN CITY OF MINNEAPOLIS.[1]

November 21, 1924.

No. 24,080.

**Reassessment of benefits from park improvement.**

1. The fact that commissioners, in district court appointed to reappraise and reassess benefits resulting from a park improvement, took into consideration the report of the commissioners, appointed by the park board to fix such benefits, is not fatal.

**Method of fixing benefits.**

2. Commissioners to determine such benefits need not formally fix the value of the property without and with the improvement; it is sufficient if they determine the benefits.

In the above entitled proceeding under L. 1911, c. 185, as amended by L. 1917, c. 419, George S. Grimes and Jennie M. Grimes took separate appeals to the district court for Hennepin county from the report and assessment of the commissioners and from the order of the board of park commissioners confirming their report and assessment. In the district court all jurisdictional prerequisites and proceedings of the park board

[1] Reported in 200 N. W. 807.

were confirmed and three commissioners were appointed to reassess the benefits to the properties of appellants. The latter objected to confirmation of the report and assessment of the court commissioners, and the objections were tried before Waite, J., who confirmed their report and reassessment. From the order of confirmation George S. Grimes and Jennie M. Grimes appealed. Affirmed.

*Grimes* & *Maxwell*, for appellants.

*Thompson, Hessian* & *Fletcher* and *James D. Shearer*, for respondent.

PER CURIAM.

The Board of Park Commissioners in Minneapolis appointed three commissioners who made an award of benefits and made an assessment relative to the city real estate owned by appellants, and the appellants appealed to the district court.

This appeal is from an order confirming the report and assessment of commissioners appointed by the court to reappraise and reassess the benefits to real property resulting from a park improvement.

The figures of the district court commissioners were identical with those of the park board commissioners. The former had before them the report of the latter. It is contended that the commissioners based their report and assessment upon the report and assessment from which the appeal was taken instead of exercising their own independent judgment. The record shows that the report of the first commissioners was considered by the second commissioners, but it fails to show that such report brought about the result of the second appraisement. The consideration of such report is not fatal. The trial court very carefully considered the acts of the commissioners and in fact examined them, himself, as to their theory and official acts. He got their viewpoint.

The commissioners did not first determine the value of the property before and after the improvement and this is claimed as error. Such is not necessary in proceedings of this character. These commissioners were well qualified for their work. They were competent to form an intelligent judgment as to such benefits without formally fixing such values. This they did. They took into consideration the necessary and essential elements to fix such benefits. They used their own judgment. The fact that the figures were the same is suggestive, but it readily can be seen that since their judgment was substantially the same, they permitted the same figures to stand as their judgment. There are always confusion and technical difficulties arising in assessing benefits resulting from public improvements, and there is usually a diversity of opinion as to the extent of such benefits. The evidence sustains the integrity of the report of the commissioners. We find nothing in the record which justifies any interference with the order of the trial court, and it is therefore affirmed.