IN RE ASSESSMENT FOR IMPROVING SUPERIOR STREET
IN DULUTH FROM FORTY-FOURTH AVENUE EAST
TO McCULLOCH STREET.
DULUTH & IRON RANGE RAILROAD COMPANY,
APPELLANT.[1]

November 10, 1927.

No. 26,283.

**When local assessment is a taking of private property for public use
without just compensation.**

1. Under the constitution and laws of this state, real property, not
receiving any special benefit from a local street improvement, cannot
be assessed to pay any part of the cost of the improvement; and an
assessment greatly in excess of any special benefit to the property is
invalid, because any such assessment, where there are no special bene-
fits, or where the assessment greatly exceeds the special benefits, is a
taking of private property for public use without just compensation.

**When such assessment is prima facie valid and burden rests on objector to
prove its invalidity.**

2. When an assessment for a public local improvement has been
made by the proper municipal board or officers, under due legislative
authority and in regular course of procedure, such assessment is prima
facie valid, and the burden rests upon the objector to prove its in-
validity. An assessment so made, in the absence of fraud, mistake or
illegality, is conclusive upon the courts, except that the questions of
whether or not the property assessed received any special benefit from
the improvement and whether or not the assessment made, to a sub-
stantial amount, exceeds the special benefits received, are open for
review by the courts.

**General rule for measuring special benefits.**

3. The general rule for measuring special benefits in this state is
to take into consideration the market value of the property assessed,
or of which that property is a part, and determine what increase, if
any, in such market value is specially caused to the property assessed
by the improvement; and the present use of the property, even if used

[1]Reported in 216 N. W. 318.

for railroad right of way, while it may be taken into consideration, is not controlling or decisive.

**In absence of evidence this court cannot say, as matter of law, strip of land received no special benefits.**

4. In this case, the evidence not being returned and the assessment coming before us as prima facie valid, this court cannot say, as a matter of law, that the property in question, which is a strip of land used by appellant solely for railroad purposes for right of way for its main line track and a sidetrack, received no special benefits from the improvement, although the trial court found that the property received no special benefit from the improvement for railroad uses and purposes, but did find that if the land be not limited or restricted to use for railroad right of way purposes and if devoted to other purposes, it was benefited to the full amount of the assessment.

Constitutional Law, 12 C. J. p. 1258 n. 72.
Municipal Corporations, 28 Cyc. p. 1104 n. 30; p. 1118 n. 79; p. 1119 n. 82; p. 1128 n. 84; p. 1129 n. 90, 92; p. 1168 n. 65; p. 1180 n. 63.

The Duluth & Iron Range Railroad Company appealed from a judgment of the district court for St. Louis county, Kenny, J., confirming an assessment against its property. Affirmed.

*Crassweller & Crassweller, Frank D. Adams,* and *Elmer F. Blu,* for appellant.

*John B. Richards,* City Attorney, and *Bert W. Forbes,* Assistant City Attorney, for respondent.

OLSEN, C.

Duluth & Iron Range Railroad Company appeals from a judgment confirming an assessment against its property. The assessment was levied by the city of Duluth to defray in part the cost of paving and constructing curb and gutter on East Superior street from Forty-fourth avenue east to McCulloch street, a distance of some three blocks. The street runs in an easterly and westerly direction and is bounded on its southerly side by the right of way of the railroad company, the right of way abutting upon the improvement being a strip of ground 100 feet in width and extending

the length of the improvement, some 1,800 feet. The right of way is intersected by certain streets and alleys. The assessment is upon this strip of land, approximately 100 by 1,800 feet, excepting that portion platted as streets and alleys. The amount of the assessment is $5,753.30. The strip of land so assessed is part of the right of way for the main line of appellant's railroad and is occupied by its main line track and one double-headed siding; and at Forty-seventh avenue east is located a platform for receiving and discharging passengers. There are no other structures or buildings upon the assessed property. The Duluth Street Railway Company has double street car tracks on Superior street extending past the property and operates street cars thereon, and the clearance space between street cars operated over its southerly track and the southerly line of the street is about four feet. The railroad company is the owner in fee of the major portion of the tract assessed and owns the usual easement for railway right of way over the balance of the tract. The Duluth & Iron Range Railroad Company is a corporation organized for the purpose of building, owning and operating a railroad from Duluth to a point in the northeastern part of St. Louis county, has existed since 1874, is engaged in the active operation of its railroad over and upon this tract of land, and has a charter providing for perpetual succession.

. The district court made findings of fact substantially as stated, and further found as follows:

"That said assessed property is used solely and exclusively for railroad uses and purposes and will continue to be so used perpetually so far as now can be determined. * * *

"That the life of the above described pavement will be approximately a period of twenty years. * * *

"That said street improvement will not specially benefit said assessed property of appellant by reducing danger of crossing accidents or reducing expenses of railroad operation, because of increased safety of operation of its trains, and will not specially benefit said assessed property through rendering probable increased passenger or freight business of said railroad, and in view of the

character of appellant's corporate duties and use of said property will not specially benefit said assessed property for railroad uses or purposes whatsoever, but said assessed land, if not limited or restricted to use for railroad right of way purposes, and if devoted to other purposes is benefited by said improvement to the full amount of said assessment."

And as conclusions of law the court found: "That the assessment from which this appeal is taken should be confirmed." The court ordered judgment accordingly, which judgment was entered and this appeal taken therefrom. A motion to amend the findings of fact and conclusions of law had been made and denied except as to one finding.

The assignments of error are: (1) That the court erred in its conclusion of law, "That the assessment * * * should be confirmed;" (2) that the court erred in ordering judgment in accordance with such conclusion of law; (3) that the court erred in denying appellant's motion to amend its conclusions of law so as to find and conclude that the assessment be vacated and set aside.

These assignments are all made on the ground that the conclusion of law made by the court, that said assessment be confirmed, is not justified by the findings of fact, and because such conclusion of law will result in depriving appellant of its property without due process of law and deny to it the equal protection of the law, contrary to the fourteenth amendment to the constitution of the United States; and the third error assigned on the further ground that the findings of fact justify and require the conclusion of law that the assessment should be vacated.

Briefly stated the claim and contention of the appellant is that, the trial court having found that the assessed property is used solely and exclusively for railroad uses and purposes and will be so used perpetually so far as can now be determined for right of way of appellant's railway; that the appellant is a corporation having perpetual succession; that the life of the improvement will be approximately 20 years; and that the improvement will not specially benefit the property for railroad uses or purposes in any

way; therefore it follows, as a matter of law, that there can be no special benefits to the property and no assessment thereon can be made.

There is no settled case and the evidence is not before us. That the assessment was made by the city in regular course of procedure and that the city of Duluth, under its charter, had express legislative authority to levy assessments to defray the cost of street improvements of this kind upon benefited property, not exceeding the special benefits thereto, is conceded. And it is not disputed that the state constitution and laws, since the amendment of 1920, permit such an assessment, and that such assessment does not violate the fourteenth amendment to the federal constitution, if the property so assessed has in fact received special benefits to the amount of or in excess of the assessment.

[1] The question now presented is whether or not railroad property used exclusively for railroad purposes, for right of way for main line track and sidetracks, can be assessed for special benefits on the same basis as other property in the same locality; whether or not such property, conceding that it receives no special benefit from the improvement for railroad uses and purposes, can be held to have received special benefits on the same basis as other property in the locality, in the way of enhancement of value, or otherwise.

Prior to 1920, real estate owned and used by railroad companies for railroad purposes was exempt from local assessments under the law providing for the gross earnings tax. The question of whether or not railroad property should be subject to assessment for local improvements became of such importance that in 1919 the legislature proposed an amendment to the law to permit such assessments. The amendment was submitted to the electors of the state at the general election of 1920, under the provisions of art. 4, § 32a, of the constitution, and was adopted. This amendment eliminated the words "and assessments" from the section and terminated the exemption. L. 1919, p. 755, c. 533; G. S. 1913, § 2226; state Const. art. 4, § 32a. Since that time real property used for railroad purposes has been subject to assessment for local improvements the

same as other property, to the extent of special benefits received. Minnesota Tr. Ry. Co. v. City of St. Paul, 165 Minn. 8, 205 N. W. 609, 207 N. W. 320.

It seems quite clear that the intent of the legislature and the voters was to make real property used for railroad purposes subject to these assessments on the same basis and under the same rules and restrictions as the property of all other owners and users.

"The apportionment of taxes and assessments is a legislative function. * * * If the question of what property is benefited is a matter upon which reasonable men may differ, then there is no ground for the application of the rule that the board proceeded upon an illegal principle or an erroneous rule of law." Hughes v. Farnsworth, 137 Minn. 295, 163 N. W. 525.

An assessment regularly made in due process and under express legislative authority is prima facie valid and, in the absence of fraud, mistake or illegality, is conclusive upon the courts, except that an assessment upon property not specially benefited, or an assessment in excess of the special benefits to the property, would be the taking or confiscating of private property without compensation and would violate the state constitution and the fourteenth amendment to the federal constitution. Therefore, the questions of whether or not the property assessed receives any special benefits, and whether or not the assessment made is greatly in excess of any special benefits received, are questions open for review by the courts.

In the present case the contention is that because the court found that the property was used exclusively for railroad purposes and received no special benefits for that use, which findings are hereinbefore set out, therefore there could be no special benefits to this property and the court's findings amount to findings that there were no special benefits, and its findings of benefits in other regards and its conclusions of law confirming the assessment are without support and should be set aside. There is no complaint that the assessment, if the findings justify an assessment, is excessive in amount. So the issue narrows down to the question of whether or not the findings justify any assessment against the premises.

[2]  In reviewing that question, where an assessment is expressly authorized by law and is regularly made, we start with the foundation that it is prima facie valid, and the burden rests upon the objector to show its invalidity.  The evidence not being here for review, and the assessment coming before us with the presumption that it is valid, we cannot say, as a matter of law, that the trial court was not justified in finding and concluding that this property was specially benefited by the improvement, although the court also found that the property received no special benefit for railroad uses and purposes, as shown by the findings hereinbefore set out.

[3]  The general rule for measuring special benefits in this state is to take into consideration the market value of the property assessed, or of which that property is a part, and determine what increase, if any, in such market value is specially caused to the property assessed by the improvement; and the present use of the property, even if used exclusively for railroad purposes, while it may be taken into consideration, is not controlling or decisive. State ex rel. Burger v. District Court, 33 Minn. 295, 310, 23 N. W. 222; State ex rel. Minnesota Tr. Ry. Co. v. District Court, 68 Minn. 242, 71 N. W. 27.

In the case last cited it was urged, as in the present case, that no special benefit could be received by or assessed against railroad property used for right of way purposes for improvement of an adjoining street, parallel thereto, and counsel for relator cited cases from Connecticut, Pennsylvania and New York to sustain that proposition.  Justice Mitchell, in disposing of the question, said:

"Neither is there anything in the position that the property could not have been benefited at all by the improvement of streets in view of the particular railroad uses to which it is or can be devoted by the relator.  Assuming, without deciding, that an assessment can ever be impeached by parol evidence merely showing that the property received no benefit in fact, still that fact is not to be determined with reference merely to the particular use to which the owner is devoting the property."

Chief Justice Brown, in his dissenting opinion in the case of C. & N. W. Ry. Co. v. City of Marshall, 151 Minn. 96, 186 N. W. 137, makes this statement: "That the right of way may be assessed is affirmed by the general trend of judicial opinion." If because of its use as a right of way for railroad purposes it could not receive any benefits, then it could not be assessed, and the statement would be erroneous.

The determination of whether or not a particular tract of land is or is not specially benefited by a local improvement is essentially a question of fact. It is usually a matter of opinion, to be determined from the opinions given by witnesses having qualifications entitling them to give their opinions. It is a subject upon which men may honestly differ.

Under our rule of considering the market value of property and the enhancement of such value that may come as a special benefit to adjoining property, it would not seem conjectural or speculative for the assessing authority to find that the improvement of streets adjoining the right of way would materially enhance the market value of abutting property, including the right of way, and that this was a special benefit confined to such abutting property and not a general benefit, even if it did not result in any special benefit to the income or use of the property by the railroad company for railroad purposes. Railroads are being bought and sold, under restrictions it is true; but railroads have not yet become public property and they do have a market value. Reasonable minds might honestly differ as to whether or not there was special benefit to such property.

[4] On this question of whether or not railroad property, used exclusively for right of way purposes and with no present indication that it will ever be used for any other purpose, can receive any substantial special benefit from the improvement of adjoining streets, or be assessed for such improvements, the authorities are in decided conflict.

The trend of judicial opinion and, we believe, the majority of the decisions of the state courts and of the federal courts is:

"That in the absence of statute to the contrary a railway roadbed or right of way is subject to assessment for local improvements when benefited thereby, and is not liable in the absence of such benefit. * * * On the question of benefits or no benefits, it has frequently been held that the land shall be considered simply in its general relation, and apart from its particular use. Abutting prop- erty cannot be relieved from the burden of a street assessment simply because its owner has seen fit to devote it to a use which may not be specially benefited by the local improvement. The benefit is presumed to inure, not to such present use, but to the property itself, affecting its value." 25 R. C. L. § 34, pp. 117-119.

Numerous cases holding that the railroad right of way, used for railroad purposes, may be assessed for local improvements are found cited and collected in the notes to Heman Const. Co. v. Wabash R. Co. 12 L.R.A.(N.S.) 112 [206 Mo. 172, 104 S. W. 67]; C. M. & St. P. Ry. Co. v. City of Milwaukee, 28 L. R. A. 249 [89 Wis. 506, 62 N. W. 417]; 25 R. C. L. § 34, p. 117; and in the cases of M. St. P. & S. S. M. Ry. Co. v. City of Minot, 37 A. L. R. 211 [51 N. D. 313, 199 N. W. 875]; N. P. Ry. Co. v. City of Seattle, 46 Wash. 674, 91 P. 244, 12 L.R.A.(N.S.) 121, 123 A. S. R. 955; N. P. Ry. Co. v. Richland County, L. R. A. 1915A, 129, Ann. Cas. 1916E, 574, 579 [28 N. D. 172, 148 N. W. 545]. These notes and cases cite the authorities either way, and a citation of the numerous cases need not be made. Reference will be made to a few decisions.

In the case of Louisville & N. R. Co. v. Barber Asphalt Pav. Co. 197 U. S. 430, 25 S. Ct. 466, 49 L. ed. 819, there was under considera- tion an assessment under the statute of Kentucky upon property in the city of Louisville, used by the railroad company for right of way for its main roadbed. The decision turns mainly upon the construction given to the constitution and statutes of Kentucky, and the assessment is upheld as not being in violation of the four- teenth amendment to the constitution of the United States, even though the Kentucky law, under which the assessment was made, provided that the improvement shall be made "at the exclusive cost of the adjoining owners, to be equally apportioned according to the

number of feet owned by them;" that is, that the costs were to be assessed without regard to special benefits.

However, in that case there was also presented the claim that the property was part of the right of way for plaintiff's main road-bed, and that neither the right of way nor the lot would or could get any benefit from the improvement, and on this ground any special assessment would deny to the company the equal protection of the laws, contrary to the fourteenth amendment. The court says [197 U. S. 434]:

"The plea plainly means that the improvement will not benefit the lot because the lot is occupied for railroad purposes and will continue so to be occupied. * * * That, apart from the specific use to which this land is devoted, land in a good-sized city generally will get a benefit from having the streets about it paved, and that this benefit generally will be more than the cost, are propositions which, as we already have implied, a legislature is warranted in adopting. But, if so, we are of opinion that the legislature is warranted in going one step further and saying that on the question of benefit or no benefit the land shall be considered simply in its general relations and apart from its particular use."

It is this last statement, that the land assessed "shall be considered simply in its general relations and apart from its particular use," which we consider was the legislative intent and is the effect of the legislation making property used for railroad purposes subject to assessment for local improvements in this state.

So in the case of N. P. Ry. Co. v. City of Seattle, 46 Wash. 674, 678, 91 P. 244, 12 L.R.A.(N.S.) 121, 123 A. S. R. 955, the court states:

"The particular use of the land cannot affect its liability to assessment. Abutting property cannot be relieved from the burden of a street assessment simply because its owner [the railroad company] has seen fit to devote it to a use which may not be specially benefited by the local improvement. The benefit is presumed to inure, not to such present use, but to the property itself, affecting its value."

The case of Heman Const. Co. v. Wabash R. Co. 206 Mo. 172, 104 S. W. 67, 12 L.R.A.(N.S.) 112, follows this same rule.

In the case of Georgia R. & B. Co. v. Town of Decatur, 137 Ga. 537, 73 S. E. 830, 40 L.R.A.(N.S.) 935, the court had under consideration an assessment upon a railroad right of way 116 feet wide, and sustained the assessment on the theory that it did not appear that the railway company might not put a part of the land to other uses.

In the annotations to the case of M. St. P. & S. S. M. Ry. Co. v. City of Minot, 37 A. L. R. 211, 220 [51 N. D. 313, 199 N. W. 875], the author says:

"An overwhelming majority of the courts hold that improvements such as street paving, water mains, sewers, drainage projects, etc., can be said to benefit a right of way in such a manner as to render it liable to assessment for those purposes where general authority is given for levying local assessments."

Counsel for appellant cite the case of Road Imp. Dist. No. 1 v. Missouri Pac. R. Co. 274 U. S. 188, 47 S. Ct. 563, 71 L. ed. 632. In that case the district court, wherein the cause was tried, held that, upon all the evidence presented, the assessment in question was clearly arbitrary, unreasonable and discriminatory. The circuit court of appeals affirmed the decision, and the Road District appealed to the United States Supreme Court. The assessment in that case was vitiated partly by the fact that it was based and made in a substantial part on the value of the rolling stock and other personal property of the railroad company. The Supreme Court nevertheless reviewed the entire evidence and held that the railroad right of way was subject to assessment, but that upon the evidence presented the assessment should not have exceeded $15,000, and modified the decree of the circuit court so as to send the matter back to the commissioners for a reassessment, not to exceed that amount. It is true that in the discussion of the evidence the court refers specially to evidence tending to show that the improvement would result in increased revenue to the railroad, but the case of Louisville & N. R. Co. v. Barber Asphalt Pav. Co. 197 U. S. 430,

25 S. Ct. 466, 49 L. ed. 819, is not cited or referred to and there is no intimation that the court intends to modify or depart from the rule that an assessment may be made upon the land "considered simply in its general relations and apart from its particular use." We do not find in that case any support for appellant's contention. It rather illustrates the great caution of that court in setting aside local assessments.

Counsel for appellant cite a number of cases fairly supporting their contention that railroad right of way property, devoted permanently to that use and receiving no special benefit for its use as such right of way, can receive no special benefit and cannot be assessed for the improvement of an adjoining street. Among the cases cited are Village of River Forest v. C. & N. W. Ry. Co. 197 Ill. 344, 346-349, 64 N. E. 364; Lehigh Valley R. Co. v. Jersey City, 81 N. J. L. 290, 80 A. 228; Matter of City of New York, 233 N. Y. 387, 135 N. E. 825; City of Barre v. Barre & C. R. Co. 97 Vt. 398, 123 A. 427, 37 A. L. R. 207.

Various reasons are given for the conclusion reached in these cases:  That the land is restricted by statute to a particular use and cannot be applied to another and that the measure of benefits is its increase in value for that particular use; that the land cannot be put upon the market for general business purposes; that there is no benefit to the property for the purpose for which it is used; that such property cannot be assessed without express legislative authority, which was held not to exist in that particular state; that such land cannot be severed from other property and sold; that it is a highway devoted to public travel; that it is devoted to public use.

Railroad property is devoted to public use to the extent that the railroad company is a common carrier of passengers and freight for hire, and that the company is subject to federal and state regulations in the operation of its business and in the use and disposition of its property.  In other respects railroad property remains private property; legal title thereto remains in the railroad corporation; sale thereof, if restricted or regulated, is not prohibited; its right of way is not a public highway; anyone not a

passenger upon a train or an invitee or employe entering upon its right of way is a trespasser. And, as already stated, the rule that benefits to property assessed, even in the case of railroad right of way property, are limited to special benefits to the present use of the property, is not followed in this state.

We are in accord with these decisions so far as they hold that local assessments can be made only upon property specially benefited and not in excess of the special benefits received; but do not agree that the present use of the property, even in the case of property used solely for the permanent right of way of a railroad company, is controlling, or that there can be no benefits to such property because of such use thereof.

As already indicated, our holdings are that in this state assessments for local improvements must be based on the special benefits received by such property and must not materially exceed such benefits; that in determining such benefits the market value of the property is to be considered and that, while the present use of the property may be taken into consideration, it is not controlling, and the property may be assessed irrespective of its then particular use, on the same basis as other property in the locality; that the legislative intent in amending the law so as to permit the assessment of property used for railroad purposes was to make such property subject to assessment for these improvements on the same basis and under the same rules as other real property; and that under these holdings a part of a railroad right of way, used exclusively for right of way purposes, and so far as appears permanently devoted to that use, may reasonably be found to be specially benefited by enhancement in value, even if it be found not to be specially benefited for railroad uses or purposes. And the trial court having found that the property here in question was specially benefited to the full amount of the assessment, although not specially benefited for railroad uses or purposes, the conclusions and judgment appealed from are sustained.

Judgment affirmed.