### CITY OF DALLAS et al. v. JOHNSON.
### No. 11311.

Court of Civil Appeals of Texas. Dallas.
Oct. 22, 1932.

Rehearing Denied Dec. 3, 1932.

Hugh S. Grady, W. Hughes Knight, H. P. Kucera, and A. J. Thuss, all of Dallas, for appellants.

Hughes & Monroe and O. F. Wencker, all of Dallas, for appellee.

JONES, C. J.

Appellee, Lee T. Johnson, instituted this suit against appellant, city of Dallas, a municipal corporation, under the provisions of article 1219, R. C. S., to set aside a special assessment levied against each of two pieces of real property owned by appellee, for the purpose of opening, widening, and extending Olive-Phelps street from Live Oak street to Cedar Springs road. From a judgment deemed unfavorable to it, appellant has duly perfected an appeal. Briefly stated, the facts are as follows:

The record shows that all the necessary preliminary steps to make said improvement had been taken by appellant, and that all the necessary steps to create and fix a valid lien against appellee's property, and to create a valid personal indebtedness for the amount of the special assessments, levied against his property, were likewise taken by appellant. The record also shows that this suit was filed within the statutory time allowed for instituting such suits.

Appellee's two pieces of property are located, respectively, on Ross avenue and Juliette street. The street that was opened and extended did not previously cross either Ross avenue or Juliette street, but the new or extended street to be opened by appellant will cross each of such streets and extend several blocks beyond them. The result will be that appellee's two pieces of property will become corner lots, one bordering on Ross avenue and the other bordering on Juliette street and the new street. This improvement, when completed, will make Olive-Phelps, the new street, a paved street sixty feet wide, extending from Elm Street North to Cedar Springs road. Previous to the improvement, appellee's Ross avenue property only had an outlet at its front on Ross avenue; the property, however, extended back from Ross avenue 184 feet. The Juliette street property only had an outlet on Juliette street. This street is described as a short dead-end street; the west end terminating at the west line of appellee's property, its only outlet being a short unpaved or dirt street, east into North Pearl street, a paved street running parallel with the new street. This new street is open several blocks north,

crosses McKinney avenue, a broad paved street, and connects with Cedar Springs road, another broad paved street.

The special assessment levied against appellee on the Ross avenue property is in the sum of $10,370.12, and a lien is fixed on such property in such sum by a duly enacted ordinance. The special assessment levied against the Juliette street property is in the sum of $5,855.08, and a lien in this sum is likewise fixed on this piece of property. The Juliette street property will have a frontage of 80 feet on the new street, and the Ross avenue property will have a frontage of 184 feet on the new street. The Ross avenue property is considered business property; the Juliette street property, previous to the opening of the new street, by reason of its surroundings and the class of improvement upon it, and other properties in its immediate vicinity, was considered inferior resident property.

Appellee's petition is full and complete in stating his cause of action, on the theory that the special assessment levied against him on each piece of property is grossly unreasonable and greatly in excess of any special benefits received by him by reason of the opening, widening, and paving of the new street. Specific allegations are made tending to show that each of said assessments is unreasonable, excessive, confiscatory, and void. Specific allegations are also made, alleging appellee was discriminated against in the matter of making assessments. The petition forms a sufficient basis for the judgment entered.

Appellant's answer is full and complete, and raises all the issues herein discussed, and is sufficient to have formed the basis for a judgment in its favor.

The case was tried to a jury, submitted on special issues, and a verdict returned that the Juliette street property had received no benefit from the improvement, and that the Ross avenue property had received benefits in the sum of $500. Judgment was entered by the trial court in conformity to the jury's findings on special issues, making no assessment against the Juliette street property, and making an assessment of $500 against the Ross avenue property and against appellee personally in such sum.

Appellant requested peremptory instruction in its favor, on the grounds that (a) the record evidence establishes a prima facie case in favor of the validity of the proceedings, and such presumption of the validity and regularity was not overcome by the evidence introduced by the plaintiff; and (b) that the levying of the assessments is a legislative right, and the action of appellant's governing body in levying the assessment does not become a proper subject of review, unless same is arbitrary, unreasonable, or made in bad faith.

This contention requires a construction of article 1219, R. C. S. 1925, which reads: "Any property owner against whom or whose property an assessment or reassessment has been made, may, within ten days thereafter bring suit to set aside or correct the same, or any proceeding with reference thereto on account of any error or invalidity therein, but thereafter such owner, his heirs, assigns, or successors shall be barred from such action or any defense of invalidity in such proceedings or assessment or reassessment, in any action in which the same may be brought into question."

It is true, as contended by appellant, that the levying of taxes by a municipal corporation, even in the form of special assessments, is the exercise of legislative power, but the right to exercise such power must rest on a valid legislative enactment, delegating the right to the municipal corporation.

■■ The power of a municipal corporation to levy special assessments against an abutting property owner, or on an owner whose property is specially benefited by a public improvement, is the exercise of a delegated power, and must be exercised in the manner prescribed by the Legislature in such grant of power. So, when such delegated power is exercised by a municipal corporation, it is subject to all the limitations placed thereon by the legislative grant. One of the limitations placed on appellant in the instant case is that a person against whom and against whose property a special assessment has been made has the right to institute a suit in a proper court within ten days "to set aside or correct, the same * * * on account of any error or invalidity therein." Under the terms of this statute, appellee's right to appeal to a court to review the assessment made against him is not restricted to a review only to determine whether the assessment was made arbitrarily or in bad faith, but his right is given in the broad term as to whether there existed "any error in the making of the assessment." City of Dallas v. Wright, 120 Tex. 190, 36 S.W.(2d) 973, 975, 77 A. L. R. 709.

While in the case of the City of Dallas v. Wright, supra, the precise question here under review was not before the Supreme Court, yet a consideration of the question under review in that case necessarily called for a construction of the provisions of article 1219, supra, as to the jurisdiction therein conferred on the district court. It is clear from a discussion of that case, by the learned Chief Justice of our Supreme Court, that the court in which a suit of this kind is filed is not given merely the restricted jurisdiction contended for by appellant, but is clothed with complete jurisdiction to determine the same issues between the parties that existed at the time the assessments were made. This appears from the following excerpts:

"It is elementary that the statute (article

---

1219) prescribing a statutory method of reviewing assessments of the character before us should be construed and interpreted in pari materia with the Constitution and the statutes conferring jurisdiction on the courts in which such suits for review must be filed. * * * So, construing and interpreting the statutes before us, we are of the opinion that in a case where an action is brought under the terms of article 1219, and the power of the district court thereby invoked, then the full power of the court, including its equity powers under the general principles of equity, may be resorted to to administer justice between the parties. * * *

"The statute under review provides an exclusive remedy under ordinary conditions to the extent that the statutory remedy of suit within the ten-day period must be followed, but when once the suit is filed within time, all the powers which the district court may properly exercise under established principles of law and equity may be invoked. This construction is clearly consistent with the language of article 1219 itself, under which this action was brought. It will be noted from this article that suit is authorized not alone for the purpose of determining the legality of the taxation proceedings, and the resulting levy and certificate, but 'to set aside or correct the same, or any part thereof, or any proceeding with reference thereto, on account of any error or invalidity thereof.' * * *

"Under our statute, by the filing of the suit, full and complete jurisdiction was conferred upon the court to set aside or correct all the proceedings previously had by the city. * * * The necessary legal effect, therefore, of filing the suit was to suspend the proceedings previously had by the city, and to require a trial by the district court of the issues between the parties."

Appellant's contention in this respect is overruled.

Appellant has properly raised and presented to this court the issue as to whether the case was properly submitted to the jury. The court defined the term "special benefits" as follows: "You are instructed that by the term 'special benefits' is meant such benefits as accrued specially on this property by reason of the street improvements in question when completed, and which are not shared in general by the whole community."

As to the Juliette street property, the court submitted the issue as to special benefits as follows: "Do you find and believe from a preponderance of the evidence that the property in question on Juliette Street has received special benefits in enhanced value to the opening, widening and extension of Olive-Phelps street from Live Oak street to Cedar Springs street, as of this date?"

As to the Ross avenue property, the court submitted the issue as to special benefits as follows: "Do you find and believe from a pre-ponderance of the evidence that the property in question on Ross Avenue has received special benefits in enhanced value due to the opening, widening and extension of Olive-Phelps Street from Live Oak Street to Cedar Springs Street, as of this date?"

The undisputed evidence shows that the physical work of opening, widening, and extending Olive-Phelps street, and the placing of the properties of the plaintiff on the new street, had not been completed at the time of the trial, and that consequently the new street had never been opened for public use. Under the unfinished status of the contemplated improvements, it is urged that the restrictive terms "has received" and "as of this date," used by the court in each of the above special issues, are erroneous. By the use of these words, the jury must confine their consideration of the special benefits which had already accrued to the property as a result of the planned but unopened street, and did not allow the jury to consider the full benefits that would accrue to the property from the finished and opened street. We are of the opinion that this criticism is well founded. At the date of the trial, there was only a "paper street" abutting on appellee's two pieces of property, and manifestly the full benefits that would accrue to appellee's property, by reason of each piece of property cornering on an extended paved street sixty feet wide, had not come into existence at the time of the trial, and the manner of the submission of the issues did not permit the jury to consider benefits from the standpoint of a finished street. This full benefit will only accrue to appellee's property after this public improvement has been completed. Because of the incompleted status of the public improvement, the court should have submitted to the jury the question as to benefits that will accrue to appellee's property, after the public improvement has been completed, and not what special benefits the property has received only as of the date of the trial. City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.(2d) 57; Louisville & N. R. Co. v. Barber, etc., Co., 197 U. S. 430, 25 S. Ct. 466, 49 L. Ed. 819; Patterson v. Williams (Tex. Civ. App.) 225 S. W. 89. The assignments of error in this respect are sustained.

Various errors are assigned on the admission, or refusal to admit, certain evidence, and some of these appear to be well taken. The court having properly admitted the testimony of appellee, to the effect that, since condemnation proceedings for the opening of the new street, the rental value of appellee's Ross avenue property had decreased, it was error for the court to refuse to permit appellant, on cross-examination of appellee, to show that a portion of the property on which a business house had stood had been taken in condemnation and its value paid to appellee by the city, as well as payment of damages

to the remainder of said property. This was proper rebuttal evidence to appellee's said testimony in reference to the decrease in rental value of the Ross avenue property. It was error for the court, over appellant's objection, to admit evidence that the property had been listed with several real estate firms who had not been able to sell same. This was not proper evidence in the issues involved in this case. It was improper to permit a witness for appellee to express his opinion that the placing of a lien upon the property, in the nature of the benefit assessment, would damage the property. The assignments of error as to these matters are sustained.

Other assignments of error, on the admission of evidence, or refusal to admit evidence, have been carefully examined and are overruled.

■■■ Various assignments of error are directed against arguments made by counsel for appellee in the closing speech to the jury. It is not legitimate argument for counsel to appeal to a juror to find for his client the same verdict that he would want a jury to find for him if his property were involved. This directs the jury to consider an element in passing on the special benefits that should not be considered. Nor is it legitimate argument for counsel to testify before the jury as to the market price of cotton, real estate, cattle, and other commodities, and, to make such testimony the basis of an appeal to a jury, that under such conditions there could accrue no special benefits to the property, though abutting on a street improvement. Courts do not take judicial knowledge of the change of the market price of various commodities, and hence the supposed facts existing with reference to the market price was entirely outside of the record. It is believed that at another trial of this case counsel will confine his argument to the record and the legitimate inferences that may be drawn therefrom, and hence other assignments of error in respect to similar arguments of counsel will not be specifically discussed. It is the duty of the trial court, without the necessity of objection by opposing counsel, to hold arguments to a jury within the record.

For the errors above pointed out, it is the opinion of this court that this case should be reversed and remanded, and it is so ordered.

Reversed and remanded.

### On Motion for Rehearing.

In a motion for rehearing, appellee, for the first time, challenges the authority of the judge of the Dallas county court at law No. 2 to appoint special commissioners in condemnation proceedings to assess damages, on the ground that the judge of such court is without authority to entertain condemnation proceedings; the contention being that the exercise of such power rests alone in the judge of the county court of Dallas county.

The Legislature created, by valid statutory enactments, two additional courts to function as county courts of Dallas county, specified the jurisdiction to be conferred upon such courts, and styled them, respectively, county court of Dallas county at law No. 1 and county court of Dallas county at law No. 2. Article 1970—3, R. S. 1925, declares that the county court of Dallas county at law No. 1 "shall have original and concurrent jurisdiction with the County Court of Dallas County in all matters and causes, civil and criminal, original and appellate, over which, by the general laws of the State, county courts have jurisdiction, except as provided in Section 3 of this Act;" and further prescribes that "this provision shall not affect jurisdictions of the commissioners court, or of the county judge of Dallas county as the presiding officer of such commissioners court, as to roads, bridges, and public highways and matters of eminent domain which are now within the jurisdiction of the commissioners court or the judge thereof."

The matters excluded from the jurisdiction of the county court of Dallas county at law No. 1 are specifically set forth in article 1970—4. The exclusion does not include the matter of securing and enforcing the right of eminent domain.

The jurisdiction of the county court of Dallas county at law No. 2 is given in article 1970—16, R. S. 1925, and provides that such court "shall have exclusive concurrent civil and criminal jurisdiction of all cases, original and appellate, over which by the laws of the State of Texas, the existing (County Court of Dallas County at Law,) of Dallas county, Texas, would have original and appellate jurisdiction. * * * *"

■■■ It appears, therefore, that the county court of Dallas county, the county court of Dallas county at law No. 1, and the county court of Dallas county at law No. 2 have concurrent jurisdiction over all matters that are prescribed by article 1970—3, as the jurisdiction of the county court at law No. 1. This grant of jurisdiction includes the specific matter under review. It is also equally obvious from the statutes creating the two county courts at law for Dallas county and prescribing their jurisdiction that these courts are essentially constitutional county courts with limited jurisdiction. State v. Valentine (Tex. Civ. App.) 198 S. W. 1006.

The validity of this grant of jurisdictional power to county courts at law, including jurisdiction over the exercise of the right of eminent domain, has heretofore been passed upon and decided against appellee's contention. Texas & N. O. R. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944 (writ of error refused); Acree v. State (Tex. Civ. App.) 47 S.W.(2d) 907 (application for writ of error dismissed for want of jurisdiction). Ap-

pellee's contention in this respect is overruled.

■ Appellant insists, in its motion for rehearing, that we should have discussed its assignment of error in respect to the admission of evidence of appellee, to the effect that he did not agree or consent to the street improvement in question. Appellant timely objected to the admission of this evidence on the ground that it was immaterial, irrelevant, and prejudicial to the rights of appellant. The evidence is on an immaterial issue, and its admission was error, but we fail to see where it was prejudicial, and hence is not reversible error.

The motion of appellee and the motion of appellant for a rehearing are overruled.