On this motion appellant states that we were under a misapprehension *Page 539 
as to its having abandoned its contention that its railroad property was not assessable for benefits on account of the improvements of block 20. We therefore proceed to the consideration of that point. It is appellant's claim that the railroad use to which the railroad property is subjected is the most valuable use to which it can be put, and that because its value is not enhanced for railroad purposes by the improvement of block 20 it cannot be said to be benefited notwithstanding the improvement may enhance its value for other and less valuable uses.
In the case of In re Improvement of Superior Street,172 Minn. 554, 216 N.W. 318, this court reviewed the authorities upon the assessability of railroad property for local improvements which did not enhance its value for railroad purposes. We there determined that such property was assessable, although apparently permanently devoted to railroad use. The only additional element which the appellant seeks to have considered in this case and which it thinks differentiates it from the Superior street case is that the railroad use to which the property is now being put is its most valuable use. Notwithstanding that fact, we are of the opinion that its market value might reasonably be found to be enhanced by such improvement. Under our holdings in the Superior street case and previous cases, it is enhancement of market value which justifies assessment of benefits for local improvements. We think that the enhancement of the value of land for other purposes may increase its market value notwithstanding its present and probable future devotion to railroad purposes. The railroad purpose may be its most valuable use and the land may not be rendered more valuable for that purpose, but market value is what is to be determined. That land is worth most for one purpose does not prevent a rise in its market value due to its enhancement in value for other and less valuable uses. The buyer and the seller may reasonably be influenced by the fact that should the vicissitudes of changing circumstances eliminate the most valuable use the land would, on account of the improvements, be more valuable for other purposes. As very well said by Mr. Justice Holmes in the case of Louisville *Page 540 N. R. Co. v. Barber A. P. Co. 197 U.S. 430, 435,25 S.Ct. 466, 468, 49 L. ed. 819:
"On the question of benefits the present use is simply a prognostic, and the plea a prophecy. If an occupant could not escape by professing his desire for solitude and silence, the legislature may make a similar desire fortified by structures equally ineffective. It may say that it is enough that the land could be turned to purposes for which the paving would increase its value."
We think that the evidence was sufficient to justify the assessment of the appellant's property. Too narrow a construction should not be placed upon the term "special benefits" in connection with a public improvement which in fact is found to enhance the market value of the property upon which benefits are assessed. A discussion upon this subject is found in Wabash Ry. Co. v. City of St. Louis (C.C.A.)64 F.2d 921, 928. That court makes clear the distinction between the term "special benefits" as applied to tax proceedings of this character and when applied to an offset against damages when property is taken under the power of eminent domain. It also sets out on page 932 reasons why the general increase of value for other purposes may reasonably amount to a special benefit for railroad use. This also answers appellant's contention in regard to property held as an easement and not in fee.
The appellant has renewed its contention that the proceeding before the district court upon appeal, when that court by the authority of the Elwell law appoints new commissioners to reappraise the damages and reassess the benefits, is judicial in its nature and that the instructions then given or refused by the district court are subject to review here. That phase of the proceeding where the court appoints the commissioners for reappraisal and reassessment is not strictly judicial in character and for that purpose the court is acting for the convenience of the legislature; but when the report of the commissioners is made to the court the latter then acts judicially in determining whether the commissioners proceeded upon an erroneous view of the law or had misapplied some legal principle. Hughes v. Farnsworth, 137 Minn. 295, *Page 541 163 N.W. 525. That is the time when appropriate action should be taken to determine whether the commissioners, due to incorrect advice, have made erroneous awards or assessments. As we said in our original opinion, it is wise in most cases that the commissioners be advised. Suitable requests are in order, but instructions claimed to be erroneous must be brought to the attention of the court when the report is before it for confirmation so that if necessary the report can again be referred under correct views of the law if the awards or assessments be found to be grounded upon an erroneous view or misapplication of the law or demonstrable mistake of fact. The report is then before the court for review in its judicial capacity.
What property is benefited and how much are questions to be answered upon the facts as they appear and necessarily rest in the opinion of the commissioners who are named because of their experience in these matters and who hear evidence and examine the property. Their determination as to the property benefited and the extent of the benefits is, under the Edwell law, final and not reversible by a court unless it appears that it was fraudulent, arbitrary, or made upon a demonstrable mistake of fact. In re Improvement of Lake of the Isles Park, 152 Minn. 29,36, 188 N.W. 54. The assessment is prima facie valid, and the burden rests upon the objector to establish its invalidity. In re Improvement of Superior Street, 172 Minn. 554,216 N.W. 318; In re Widening of Fourth Street, 173 Minn. 67,216 N.W. 607. The appellant has not met this burden.
In our original opinion we stated that the instructions which are given or refused at the time the commissioners are appointed by the court are not subject to review. That statement should be understood in the light of what we have said here as to the appropriate action at the time the report is before the court for confirmation. Obviously the court may take into consideration at that time the character of the instructions which were given to the commissioners. It may do this in determining whether the report makes assessments that are based upon a demonstrable mistake of *Page 542 
fact or in accordance with an erroneous rule or principle, but such instructions must be brought before it by appropriate motion.
We adhere to our original decision.