## BOYD E. ARMOUR v. VILLAGE OF LITCHFIELD.[1]

June 16, 1922.

No. 22,965.

**Village—amount of benefit from street pavement to be fixed by court.**

1. In a proceeding to pave a village street under the power conferred by chapter 65, Laws 1919, the written objections filed by respondent raised the issue whether the assessment laid against his property exceeded the amount in which it was benefited. This was a question of fact to be determined by the court on an appeal from the action of the village council.

**Finding sustained.**

2. The finding of the court that the assessment far exceeded the benefits is supported by the evidence.

**Admissible evidence.**

3. The value of the property assessed with and without the improvement was proper evidence upon the issue presented.

**Immaterial finding not prejudicial.**

4. Testimony received, and a finding thereon which does not affect the result is without prejudice to appellant.

**Apportionment of assessment not reviewable when not raised in trial court.**

5. That the judgment does not apportion the assessment properly between several parcels cannot be raised where no application was made to the court below to make necessary findings or to modify the order for judgment.

Boyd E. Armour filed objections to proceedings in the village council of Litchfield for the levy of an assessment for paving. From the assessment levied, objector appealed to the district court for Meeker county where the matter was heard by Qvale, J., who made findings and ordered judgment as found in the first paragraph of

[1]Reported in 188 N. W. 1006.

the opinion. From the judgment entered pursuant to the order for judgment, the village of Litchfield appealed. Affirmed.

*Alva R. Hunt* and *N. D. March*, for appellant.

*L. K. Sexton*, for respondent.

HOLT, J.

Under the power granted by chapter 65, p. 62, Laws 1919, the village council of Litchfield paved one of the streets in the village. After the contract was let, the work done, and the assessment for benefits spread by the engineer and village clerk, notice was duly given of a hearing on such assessment. Respondent filed written objections to the confirmation. It was confirmed by the village council. He appealed to the district court. The appeal was heard upon the objections filed and the answer of the village thereto that the assessment was made on the basis of benefits to the property without regard to its cash valuation; that the amount assessed to respondent was less than the actual cost of the pavement in front of his property; and that the value of his property before and after the improvement was immaterial. Findings were made that respondent's property, assessed for benefits in the sum of $2,540.21, was not specially or peculiarly benefited by the improvement in any other or greater sum than $700, and as a conclusion of law that the assessment imposed and laid in excess of the sum of $700 and accrued interest thereon, was confiscatory and deprives respondent of his property for public use without just compensation, and directed judgment reducing the assessment accordingly, to be equally distributed between the three tracts owned by respondent. From the judgment entered upon the findings the village appeals.

Respondent's attack on the regularity of the proceedings in the court below as well as here does not require consideration, for he merely questions the amount of the assessment upon his property, and in his written objections he conceded benefits to the extent of $700.

The only real issue raised by respondent's objections was whether the assessment exceeded the benefits, and, if so, how much. At the trial no other witness than respondent testified directly as to the

amount or extent the property assessed was benefited by the improvement, and his testimony was that it was not benefited as much as admitted in his written objections, but the court properly held him to that amount. No testimony was offered by the village. True, a mere introduction of the assessment roll as approved by the village council, after passing on respondent's objections, was prima facie proof of the amount in which the property assessed was benefited. But it was not conclusive proof, and the extent of the benefit remained a question of fact for the court to ascertain.

In Re Assessment for Paving Concord Street, 148 Minn. 329, 181 N. W. 859, the principles governing courts in reviewing assessments on appeal are fully discussed. Justice Dibell says: "Emphasis is rightly enough put upon the legislative character of the apportionment of assessments and the weight to be accorded the determination of assessing officers. But it is not to be overlooked that charging private property with a lien for public improvements is a taking for public use, and that, if property not benefited is assessed, or if an assessment is greatly in excess of benefits, the taking is without just compensation and is unconstitutional." State v. City of Ely, 129 Minn. 40, 151 N. W. 545, Ann. Cas. 1916B, 189, also holds that assessments for local improvements rest on the theory that the property assessed is "specially benefited by the improvement, and a special assessment which exceeds the amount of such special benefit is, as to such excess, a taking of private property for public use without just compensation." Therefore an appeal on the issue of an excessive assessment for special benefits must be regarded as presenting a judicial question which is not foreclosed by the action of the assessing authorities.

Whether the assessment be laid according to benefits conferred, or on the basis of cost per foot frontage, the limitation is that the total amount must not exceed the amount in which the property is specially benefited or enhanced in value thereby. That the learned court below appreciated this principle the form of the findings clearly indicates. And upon the record herein we cannot say that the finding to the effect that the benefit to respondent's property was less than one-third of the assessment is without adequate support.

That being the fact, it is so greatly in excess of what it should be that the assessment laid by the village council must be held to be a clear violation of the constitutional guaranty against which the courts must grant relief.

Error is assigned upon the reception of evidence as to the value of respondent's property with and without the pavement. This evidence was obviously proper upon the issue tendered by the objections filed. That in estimating values some evidence was received as to what respondent paid for the whole property, of which the parcels assessed were a part, we see nothing prejudicial to appellant. The price paid, the reasonable value of the property, as well as the cost of the pavement, were all matters which might be considered in arriving at a determination of whether the benefit to the property assessed was grossly below the amount of the assessment.

The errors assigned upon the reception of evidence that no notice of the cost or of the assessment was given to respondent prior to the construction of the pavement, and upon the finding that prior to July, 1920, no steps were taken to calculate the amount to be assessed against abutting property, are without merit, for that evidence and that finding did not in any respect vitiate the proceeding, nor in any manner affect the amount of respondent's assessment.

The judgment is attacked because it apportions the valid part of the assessment equally between the three parcels of land, while the evidence disclosed one of the parcels to be of less value because below grade than either of the other two. The village council did likewise. No application was made to modify the findings and order for judgment in this respect. Under the circumstances, appellant is not entitled to have the judgment reversed on the ground mentioned. There would have to be additional findings of fact in order to apportion the assessment unequally between the three parcels.

There may be a serious question whether or not the court upon finding that the assessment exceeded the benefits should not have annulled it, rather than reduced it. Chapter 65, p. 62, Laws 1919, contains some provisions looking towards reassessments by the village or city councils and is silent as to the disposition to be made

of the matter by the court on appeal. But we shall not consider the question here, for this is an appeal from the judgment where no application was made to the court below to modify the conclusions of law or the direction for judgment, and there is no assignment of error presenting that question in this court.

The judgment must be affirmed.