## RUDOLPH J. GIBBISH AND ANOTHER v.
## VILLAGE OF BURNSVILLE.

200 N. W. 2d 310.

August 25, 1972—No. 43109.

*Howard, LeFevere, Lefler, Hamilton & Pearson* and *Clayton LeFevere,* for appellant.

*Hartke, Atkins & Montpetit* and *Jerrold M. Hartke,* for respondents.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Gunn, JJ.

TODD, JUSTICE.

Defendant appeals from a judgment setting aside a water assessment and a sewer assessment against separate parcels of plaintiffs' property. The evidence in this case requires that we reverse.

Plaintiffs owned two parcels of real estate located in the village of Burnsville against which assessments for water and sewer improvements were made.

Parcel 255A2a1 (hereinafter 255A) consists of about 17.3 acres located on the north side of Trunk Highway No. 13 in the village of Burnsville. A Northern States Power Company easement runs diagonally across the northerly portion of the property in a generally east-west direction. Approximately one-third of the total area fronting on Highway No. 13 is level. The next northerly one-third of the property has a deep slope, and the balance of the property is low marshy land. The trunk sewer for which an assessment of $5,190 was sought to be levied against this entire parcel is located in the northwest corner of the property.

Parcel 254B contains approximately 31 acres and is divided in a generally north-south direction by County Road No. 5, with 28 acres of the property lying west of the county road and approximately 3 acres lying east of it. The easterly portion is roughly triangular in shape with the tip of the triangle at the southern portion of the property. At the northern boundary, the property has a depth of approximately 150 feet, such average depth continuing southerly for about 275 feet where the property then begins to taper. The water main for which an assessment was made of $8,302 against this parcel is located on the east side of County Road No. 5.

A sewer lateral assessment in the amount of $675 against Parcel 255A and a sewer trunk assessment in the amount of $930 against Parcel 254B were confirmed by the trial court and not appealed by plaintiffs.

Plaintiffs did not challenge the assessment rolls, the regularity of the assessment proceedings, or the uniformity of the assessment. The sole issue for the court is whether the separate parcels were benefited by the amount assessed for the improvements. In this situation, the presentment of the assessment is prima facie evidence of its validity. It is the duty of the landowner to offer competent evidence to meet the prima facie proof that the

property assessed was benefited by the amount of the assessment. In E. H. Willmus Prop. Inc. v. Village of New Brighton, 293 Minn. 356, 361, 199 N. W. 2d 435, 438 (1972), we set forth the applicable rules:

"* * * (1) Even though the procedure used in levying assessments is regular, the questions of whether the property assessed received any special benefit and whether the assessment made exceeds the special benefit received are open for review; (2) assessments must bear some reasonable relationship to the value of special benefits; and (3) the value of special benefits is found by determining what increase, if any, there has been in the market value of the benefited land."

These rules evolved in our prior decisions. Village of Edina v. Joseph, 264 Minn. 84, 119 N. W. 2d 809 (1962); City of St. Louis Park v. Engell, 283 Minn. 309, 168 N. W. 2d 3 (1969).

Plaintiffs presented evidence as to Parcel 254B on the basis that the assessment should be divided between the property located east and west of County Road No. 5. The trial court in its memorandum treated the property on the east side of the road as a separate parcel. There is no evidence in the record that Parcel 254B was ever divided into separate units for assessment purposes. The court and counsel during the trial made references to a per-foot assessment charge against the east side of the property, but evidence as to the manner of laying the assessment was never received. As to this parcel, the only question to be determined by the court is whether or not Parcel 254B, as a whole, is benefited, and, if so, the amount of such special benefit. The method of laying the assessment, whether on a per-foot basis or on an acreage basis, is immaterial in this case since the question involves the value of the total assessment in relation to the market value of the whole parcel before and after the improvement and the question of uniformity of the assessment is not before us. See, Qvale v. City of Willmar, 223 Minn. 51, 25 N. W. 2d 699 (1946).

Plaintiffs presented a great deal of evidence as to the unusability of the triangular shaped piece of property on the east side of the road, particularly its southern 400 or 500 feet. This is not material except as it affects overall value of the parcel and is not a basis for attacking the assessment. The trial court erred in ordering judgment for the plaintiffs as to this assessment, since its memorandum which was made a part of its findings clearly indicates that the sole basis for the court's decision was the fact that a portion of the triangular property was not usable as a building site. As stated above, this merely reflects total overall market value of the parcel before and after the assessment. It has no relevance other than in determining whether or not the subject property received special benefits from the improvement.

Likewise, in relation to Parcel 255A, plaintiffs' evidence went to the fact of the easement held by Northern States Power Company, which was not disputed, and the marshy character of the land. Again, there is no evidence as to the method of laying the assessment, but the trial court in its memorandum seemed to assume this was done on an acreage basis, and the sole basis for the judgment in declaring the assessment invalid was the fact that that portion of Parcel 255A subject to the easement could not be built upon and a sewer could not benefit such property. Again, plaintiffs and the trial court misconstrued the applicable test to be applied, namely, the value of the parcel in toto prior to the improvement and its value after the improvement. The existence of the easement and the marshy character of part of the property are facts to be considered in arriving at the value of the property before and after improvement, but are not determinative of whether or not the whole parcel was benefited by the improvement.

Plaintiffs introduced several witnesses on their behalf. Howard Lawrence, a qualified real estate appraiser, testified that he had only appraised that part of Parcel 254B lying east of County Road No. 5. Therefore, this evidence is of no value in

making a determination of the before and after value of the whole parcel.

Wallace Day, a real estate consultant, testified as to Parcel 254B, giving evidence as to value per acre on part of the property east of County Road No. 5 and a value per acre on the property west of County Road No. 5. He did not indicate whether this opinion was based on a value before the improvements or after the improvements, but did indicate that in his opinion the improvements added nothing to the salability of the property.

Margaret Makousky, a real estate broker, testified about salability of the property but clearly indicated that she made no appraisal of either parcel of property. Curtis Benson, an engineer, testified but gave no value testimony.

Rudolph J. Gibbish, one of plaintiff owners, testified and rendered an opinion as to the value of each parcel prior to the improvement. He then testified that the value of each parcel was decreased in value by reason of the improvement. Mr. Gibbish's testimony is the only testimony in his behalf which presents the proper valuation evidence to be considered by the court in this case. He did have some real estate development experience and owned substantial properties in Burnsville, and this evidence was sufficient to rebut the presumption of the validity of the assessment.

The village of Burnsville called Eldred E. Wiley and James Stasson, both qualified real estate appraisers. Each properly evaluated the separate parcels in toto, considering the properties without the improvement and with the improvement installed. The differences in market value testified to by these experts exceeded in each case the amount of the assessment against each parcel. Plaintiffs offered no redirect evidence.

Plaintiffs tried the case on the theory that various parts of the property could be appraised and others omitted and that the property could be divided into different portions for purposes of appraisal. The trial court accepted this theory in deciding the case, and made no findings of the value of the subject property

prior to the improvement and subsequent to the improvement. Such findings should be made.

Those parts of the judgment setting aside the sewer trunk assessment against Parcel 255A in the sum of $5,190, and setting aside the water main assessment against Parcel 254B in the sum of $8,302 are hereby reversed and the matter remanded for new trial in accordance with this opinion. Neither party shall be allowed costs or disbursements.

Reversed and remanded for a new trial.