### ROBERT W. NYQUIST AND ANOTHER v. THE TOWN OF CENTER.

251 N. W. 2d 695.

March 4, 1977—No. 46514.

*William Lines, Gordon Rosenmeier,* and *John E. Simonett,* for appellants.

*Borden, Steinbauer, Borden & Rathke* and *Thomas R. Borden,* for respondent.

Heard before Rogosheske, Peterson, and MacLaughlin, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

Plaintiffs challenge the validity of a special property tax assessment for road improvements that was levied by the town board on their unplatted lots. The trial court upheld the action of the board, finding that the special benefits were commensurate with the assessment made. On appeal plaintiffs principally question the sufficiency of the evidence to support the court's findings that the lots "are suitable for residential development" and that as such their value has "been increased by a sum at least equal to the amount assessed." We hold that the evidence adequately supports the finding as to suitability and a resulting special benefit of some amount, but does not justify the amount of the assessment levied. We therefore remand for a new trial to redetermine the amount of special benefits conferred by the road improvement.

In 1968 plaintiffs platted 57 lots of real estate located in the Town of Center for residential development. Each lot was abutted on its southern boundary by the Mississippi River. The plats of these lots, known as Executive Acres and Executive Acres First Addition, also provided for a 66-foot access road called Executive Way. This road, which was originally of sand or gravel construction, ran in an easterly direction from State Highway No. 25 and abutted the northern boundary of each platted lot before finally dead-ending at the river. The portion of the road lying in the Town of Center is approximately 1 1/4 miles in length. About half of the lots situated south of the road have now been sold, and 12 of the lots have houses built on them in the $40,000 to $50,000 price range. Plaintiffs retain ownership of the unsold platted lots, and in addition own 49.5 acres of undeveloped property, known as Government Lots 1 through 4,

located to the north of Executive Way. No buildings presently stand on this property, and there was conflicting testimony as to its future suitability for residential development.

In the fall of 1973, several lot owners requested the town to improve Executive Way, and shortly thereafter the area residents overwhelmingly approved a special bond election issue to pay for the road construction. The cost of the road improvements that were subsequently made was $26,391. Acting upon the advice of a local realtor, the town board proposed assessing one-half of the cost to the Government Lots north of the road and the other half to the 57 platted lots to the south. A special assessment hearing to formally resolve this matter was scheduled for October 2, 1974. Plaintiffs did not attend this hearing but rather advised the board of their objections to the proposed assessment through a letter written by their attorney. On October 2, the board voted unanimously to assess the properties located to the north and south of Executive Way equally.

Plaintiffs thereafter appealed this assessment, pursuant to Minn. St. 429.081, on the principal grounds that the Government Lots had received little if any special benefit as a result of the road construction, and that in any event the board had failed to prove a special benefit by showing an increase in market value of the Government Lots after the improvement. The trial court upheld the reasonableness of the assessments and further held that plaintiffs had waived their objection by failing to appear at the special assessment hearing.

Before considering plaintiffs' specific assignments of error, it should be observed that levying a special assessment is a legislative act. Therefore, when an assessment is regularly made "it is prima facie valid, and the burden rests upon the objector to show its invalidity." In re Improvement of Superior Street, Duluth, 172 Minn. 554, 560, 216 N. W. 318, 320 (1927). This presumption of validity may only be rebutted by the taxpayer upon a clear showing that the assessment does not bear any reasonable relationship to the value of special benefits. E. H.

Willmus Prop. Inc. v. Village of New Brighton, 293 Minn. 356, 199 N. W. 2d 435 (1972). We have also recently held that a special tax assessment may only be set aside on appeal when the taxing authority acted in a clearly erroneous manner. Hartle v. City of Glencoe, 303 Minn. 262, 226 N. W. 2d 914 (1975).

In reaching its decision to assess a portion of the road construction costs to the Government Lots, the town board properly considered the future use to which this property might be put. See, Qvale v. City of Willmar, 223 Minn. 51, 25 N. W. 2d 699 (1946). Although the Government Lots are not presently zoned for residential development, we find that the evidence justified both the board and the trial court in concluding that at least some residential development would be possible in the foreseeable future, assuming that the property was rezoned.

While we have little difficulty in finding that the Government Lots reaped some special benefit from the improvement of Executive Way, it is impossible for us to ascertain in the absence of a market-value analysis by the town board whether the value of such benefit was equal to half the construction cost. To determine the value of a special benefit, the taxing authority must consider "what increase, if any, there has been in the fair market value of the benefited land." City of St. Louis Park v. Engell, 283 Minn. 309, 316, 168 N. W. 2d 3, 8 (1969); accord, Gibbish v. Village of Burnsville, 294 Minn. 318, 200 N. W. 2d 310 (1972). This difference in market value should be computed by determining "what a willing buyer would pay a willing seller for the property before, and then after, the improvement has been constructed." Carlson-Lang Realty Co. v. City of Windom, 307 Minn. 368, 369, 240 N. W. 2d 517, 519 (1976).

In failing to base the special assessment made against the Government Lots on a showing of change in market value resulting from the improvement of Executive Way, the town board apparently misconstrued Minn. Const. art. 10, § 1, and Minn. St. 429.061, subd. 1, which both require special assessments to be levied "without regard to cash valuation." The local realtor

hired by the board to assist in making the assessment testified at trial that no consideration was ever given to market value. The town clerk who attended the special assessment hearing on October 2 related: "We did not go into market value because we did not feel that that had anything to do with the assessment of this property." But the constitutional and statutory proscriptions against basing special assessments on cash value are not intended to obviate the need for making a market-value analysis of the benefited property. As explained by Mr. Justice Mitchell many years ago in State v. Reis, 38 Minn. 371, 38 N. W. 97 (1888), the constitution merely prohibits assessing a double special-benefit tax on one parcel of property with a cash value twice that of another, when the special benefits received by both properties are equal. We are therefore compelled to reverse and remand this case for a retrial and redetermination of special benefits upon findings as to the market value of the Government Lots before and after the improvement.

Finally, we are unpersuaded that plaintiffs waived their objection to the board's special assessment by not attending the hearing held on October 2, 1974. While it is true that in appropriate cases an estoppel or waiver may arise when a taxpayer idly refuses to raise his objections to a proposed special assessment at the time of the hearing (see, State v. Johnson, 111 Minn. 255, 126 N. W. 1074 [1910]; 13A Dunnell, Dig. [3 ed.] § 6887a), we believe that in the present case plaintiffs adequately apprised the town board of their objections through the letter written by their attorney, which allowed the board to "hear and pass upon all objections to the proposed assessment, whether presented orally or in writing." Minn. St. 429.061, subd. 2.

Reversed and remanded for a new trial.