**CONTINENTAL SALES & EQUIPMENT CO., et al., petitioners, Respondents,**

v.

**TOWN OF STUNTZ, Appellant.**

No. 46783.

Supreme Court of Minnesota.

July 15, 1977.

Rehearing Denied Oct. 3, 1977.

Bischoff & Sellman and Bernard J. Bischoff, Hibbing, for appellant.

Halverson, Watters, Bye & Downs, Duluth, Abate & Wivoda and Paul F. Wojciak, Hibbing, for respondents.

Heard before PETERSON, KELLY, and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal from a summary judgment involving a special assessment. Respondents, Continental Sales & Equipment Company and other companies, brought this action in the district court of St. Louis County to invalidate a special assessment levied upon them by appellant, the town of Stuntz. On October 24, 1973, the board of supervisors for the town passed a resolution establishing a special assessment for funding a sanitary sewer project. The assessment took the following form:

(a) $4.00 per front foot for benefiting properties;

(b) $950.00 per residential dwelling;

(c) $2,000.00 per commercial building; and

(d) $5,000.00 per industrial building.

After receiving their first tax bill in May 1974, which included amounts attributable to the special assessment, Continental Sales and other industrial companies affected by the assessment filed petitions to invalidate the assessment as it applied to them. Both the complaining companies and the town moved for summary judgment. The court found that the town's method of assessment was contrary to law and a denial of equal protection. The court also ruled that the companies could appeal the assessment under Minn.St. 278.01 and had not lost their right to challenge the assessment by failing to bring a timely action under Minn.St. 429.081. We affirm.

The following issues are presented for our consideration by this appeal:

(1) May a taxpayer specially assessed by a municipality challenge the assessment under Minn.St. 278.01, notwithstanding the fact that the time for appeal under Minn.St. 429.081 has expired?

(2) Was the special assessment herein void as a matter of law as it applied to the companies?

(3) Was summary judgment appropriate in this case?

█ 1. Minn.St. 278.01 provides as follows:

"Any person having any estate, right, title, or interest in or lien upon any parcel of land, who claims that such property has been partially, unfairly, or unequally assessed, or that such parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal, in whole or in part, or has been paid, or that the property is exempt from the tax so levied, may have the validity of his claim, defense, or objection determined by the district court of the county in which the tax is levied by serving copies of a petition for such determination upon the county auditor, county treasurer, and the county attorney and filing the same, with proof of such service, in the office of the clerk of the district court on or before the first day of

June of the year in which such tax becomes payable."

Minn.St. 429.081 provides:

"Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the clerk of the district court within ten days after its service. The municipal clerk shall furnish appellant a certified copy of objections filed in the assessment proceedings, the assessment roll or part complained of, and all papers necessary to present the appeal. The appeal shall be placed upon the calendar of the next general term commencing more than five days after the date of serving the notice and shall be tried as other appeals in such cases. The court shall either affirm the assessment or set it aside and order a reassessment as provided in section 429.071, subdivision 2. If appellant does not prevail upon the appeal, the costs incurred shall be taxed by the court and judgment entered therefor. All objections to the assessment shall be deemed waived unless presented on such appeal."

Chapter 278 deals with objections and defenses to the payment of real estate taxes. Chapter 429 establishes procedures for the approval and funding of local improvements by special assessments. No contention is made herein that the town did not follow the procedures specified by c. 429. The town argues, however, that since the companies did not bring an appeal to the district court within 20 days after the adoption of the assessment, they have no right of appeal under c. 429. The companies concede that they have no right of appeal under c.429.

The town argues further that the appeal remedy of § 429.081 is exclusive with regard to special assessments, i. e., that the word "assessment" therein should be distinguished from the word "assessed" in § 278.-01, and hence the companies have no alternative remedy under § 278.01. Prior decisions of this court have long resolved this issue contrary to the town's argument.

In *Rosso v. Village of Brooklyn Center*, 214 Minn. 364, 8 N.W.2d 219 (1943), taxpayers objecting to a special assessment for a local improvement project brought a suit in equity for an injunction. The court upheld the district court's sustaining of the village's demurrer on the following grounds:

"In the instant case there was available to plaintiffs a simple and direct remedy in the assessment proceedings, under Minn.St. 1941, § 429.16 * * * above cited, whereby they could have appealed directly to the district court and attacked the assessments or the proceedings in connection therewith.

"In addition, they had the right to contest the tax under Minn.St. 1941, §§ 278.-01 to 278.05 * * *.

"*This section applies to special assessments as well as general taxes.*" 214 Minn. 368, 8 N.W.2d 221. (Italics supplied.)

The court explained the overall purpose of § 278.01 in *Land O'Lakes Dairy Co. v. Village of Sebeka*, 225 Minn. 540, 548, 31 N.W.2d 660, 665, *certiorari denied*, 334 U.S. 844, 68 S.Ct. 1513, 92 L.Ed. 1768 (1948), a case in which a declaratory judgment was sought as an alternative remedy:

"In order that there shall be no future confusion on this particular point of the law, we hold that in enacting M.S.A. c. 278 it was the intention of the legislature to provide an adequate, speedy, and simple remedy for any taxpayer to have the validity of his claim, defense, or objections determined by the district court in matters where the taxpayer claims that his real estate has been partially, unfairly, or unequally assessed, or that it has been assessed at a value greater than its real or actual value, or that the tax levied against the property is illegal in whole or in part, or has been paid, or that the property is exempt from the tax so levied. We believe that when the legislature enacted L.1935, c. 300 (M.S.A. c. 278), it did so for the purpose of providing a rather simple remedy for the taxpayer to have his real estate tax grievances determined, and that it was never the intention that the aggrieved taxpayer could first proceed under this statute and, if his

proceeding was dismissed for noncompliance, then come under the declaratory judgments act to have the same issue decided in another manner. If under the circumstances of this case with reference to the real estate taxes the declaratory judgments act is made available as an alternative remedy when c. 278 provides such a special remedy for the determination of questioned real estate tax matters, it will lead to a multiplicity of suits, which seems uncalled for under the circumstances. We hold that, so far as the determination of tax matters referred to in § 278.01 on real estate is concerned, c. 278 provides the necessary requisites and that L.1933, c. 286 (M.S.A. c. 555), known as the uniform declaratory judgments act, is not available to the dairy company as an alternative remedy."

This principle was restated by the court in *Village of Edina v. Joseph,* 264 Minn. 84, 94, note 5, 119 N.W.2d 809, 816 (1962), where taxpayers challenged a special assessment under § 429.081:

"This court held in *Rosso v. Village of Brooklyn Center* \* \* \* that the statute allowing direct appeals to district court to attack general assessments or the proceedings in connection therewith [§ 278.01] applies also to special assessments."

Finally, these cases were cited with approval in *Larson v. Freeborn County,* 267 Minn. 383, 385, 126 N.W.2d 771, 772 (1964), in which taxpayers sought equitable relief from a ditch assessment:

"We hold that our decision in the instant case is governed by *Rosso.* That was a taxpayer's suit to enjoin a village from enforcing the payment of assessments for drainage improvements. We squarely held that where simple and direct remedies under what is now Minn.St. 429.036 and c. 278 are available to taxpayers, a demurrer to the complaint should be sustained and equitable relief denied. The *Rosso* decision was cited and approved in *Land O'Lakes* and more recently in *Village of Edina v. Joseph* \* \* \*.

\*       \*       \*       \*       \*       \*

"Although our prior opinions do not necessarily reach inconsistent conclusions, candor requires us to concede that the language employed in them is difficult to reconcile. Be that as it may, we now hold that *after* construction is completed an equitable action to enjoin the collection of assessments levied in ditch proceedings will not lie where statutory procedures for review such as those provided by Minn.St. 106.631, 429.036, 429.081, and c. 278 are available."

The above-cited cases stand for two propositions: (1) Minn.St. 278.01 is applicable to special assessments as well as to general taxes, (2) Minn.St. 278.01 and 429.081 are alternative taxpayer remedies when a particular assessment, special or general, is to be challenged. The contention that the above cases are not applicable since the propositions contained therein are dicta is not persuasive. Further, there has not been any legislative amendment directly affecting these remedies. The district court therefore correctly held that the companies could contest the town's assessment under § 278.01, despite the fact that the 20-day limit of § 429.081 had expired.

■ 2. The basis for special assessments is that of market value: To determine the value of a special benefit, the taxing authority must consider "what increase, if any, there has been in the market value of the benefited land." *City of St. Louis Park v. Engell,* 283 Minn. 309, 316, 168 N.W.2d 3, 8 (1969). See, also, *Nyquist v. Town of Center,* Minn., 251 N.W.2d 695 (1977). The test is whether the improvement for which the assessment was levied has increased the market value of the property, against which the assessment operates, in at least the amount of the assessment. *In re Appeals by Am. Oil Co. v. City of St. Cloud,* 295 Minn. 428, 206 N.W.2d 31 (1973). A concise summary of the rules to be applied appears in *E. H. Willmus Prop. Inc. v. Village of New Brighton,* 293 Minn. 356, 361, 199 N.W.2d 435, 438 (1972):

"Three rules, applicable here, have developed in prior decisions of this court.

They are: (1) Even though the procedure used in levying assessments is regular, the questions of whether the property assessed received any special benefit and whether the assessment made exceeds the special benefit received are open for review; (2) assessments must bear some reasonable relationship to the value of special benefits; and (3) the value of special benefits is found by determining what increase, if any, there has been in the market value of the benefited land."

The treatises concur in the market value approach. 14 McQuillin, Municipal Corporations (3 ed.) § 38.33; 2 Antieau, Municipal Corporation Law, § 14.33. As pointed out by the district court, each parcel does not have to be assessed exactly in the amount of benefit received; various formulas such as the front-footage or square-footage methods may be utilized. See, Antieau, Municipal Corporation Law, § 14.38, et seq. In short, any method resulting in a fair approximation of the increase in market value for each benefited parcel may be used. A method which on its face appears to be a fair approximation will be presumed valid, with the burden resting upon the objector to show its invalidity. *Nyquist v. Town of Center, supra.* See, also, *In re Improvement of Superior Street, Duluth,* 172 Minn. 554, 216 N.W.2d 318 (1927).

The assessment in the present case has two parts, a front-footage charge and a lump-sum charge based on the type of building on the assessed parcel (residential, commercial, or industrial). As to the front-footage charge, the companies have no complaint, and it is clear this method is acceptable. It is equally clear, however, that the lump-sum approach based on present use bears little if any relation to the market value of the improvement. The town has not attempted to demonstrate such a relation, beyond asking that it be allowed to do so at a trial on the merits. Contrary to the town's assertion of prima facie validity, this assessment is prima facie invalid, in that it makes no attempt in its lump-sum portion to approximate market value of the improvement. The first rule of *E. H. Willmus*

*Prop. Inc. v. Village of New Brighton, supra,* is directly applicable: Even though the procedure was regular, the question whether the special assessment exceeds the special benefit is open for review. This is so because, if the assessment results in more than small variations from equality of benefits and assessments, the municipality may be exceeding its constitutional authority to levy such assessments under Minn.Const. art. X, § 1, and its statutory authority as indicated.

The summary of the district court is in accord with the applicable law discussed above:

"This charge had no ascertainable relationship to the value of the benefits received by each of these lots. In effect, Respondent Town of Stuntz has attempted to levy some type of property tax against the Petitioners, basing the amount of that tax upon some nebulous and arbitrary determination of the present use and present value of each parcel of land, under the guise of a special assessment. The only relationship which this charge of $5,000.00 per industrial lot bears to a valid special assessment is that Respondent Town of Stuntz termed this charge a special assessment. Merely calling it a special assessment does not make it so."

The lump-sum portion of the assessment is therefore void as a matter of law, and should not be enforced upon the companies.

3. The town argues that because it complied with the procedural requirements of c. 429 it has "made out a prima facie case that these assessments are valid," and hence summary judgment should not have been granted in favor of the companies.

First, as the companies point out, the mere allegation of a prima facie case in the pleadings is not sufficient to raise a material issue of fact for trial. The party opposing the motion for summary judgment must present "specific admissible facts showing a material fact issue." *O'Neil v. Kelly,* Minn., 239 N.W.2d 231, 232 (1976). In this case, the town would have had to come forward with facts demonstrating that, at least with regard to the moving

parties, there was a genuine issue as to whether the assessment approximated the benefits. This the town did not do, and therefore it ran the risk of an adverse judgment.

Second, the prima facie case relied upon by the town was not relevant to the issues presented on summary judgment. As noted above, the first rule of *E. H. Willmus Prop. Inc. v. Village of New Brighton, supra,* is that notwithstanding the regularity of an assessment's adoption, its validity as to the balance of benefits and charges remains an open question. An assessment void on its face for failure even to approximate a market value analysis cannot be made valid by the regularity of its adoption. The regularity of the adoption of the assessment did not raise factual questions, and summary judgment was therefore appropriate.

The town is entitled to adopt any fair and reasonable method of restructuring this assessment, provided it can show that the method chosen for each benefited parcel approximately equalizes the assessment and the benefit. Among several valid alternatives, the town would of course be free to chose the one least burdensome to itself.

Affirmed.