**John BISBEE, et al., Respondents,**

v.

**CITY OF FAIRMONT, Appellant,**

**and**

**Jim Chipman, Respondent.**

**Lynette Chipman, Respondent,**

v.

**City of Fairmont, Appellant,**

**and**

**Kenneth Krueger, d/b/a Krueger Realty, Inc., Respondent,**

v.

**City of Fairmont, Appellant.**

**No. C3–98–2151.**

Court of Appeals of Minnesota.

June 1, 1999.

Gary G. Wollschlager, Michael V. Tow, Wollschlager, Tow & Associates Law Firm, P.A., Fairmont, for respondents Bisbee, et al.

Roger N. Knutson, Andrea McDowell Poehler, Campbell Knutson, P.A., Eagan, MN; and Elizabeth W. Bloomquist, Fairmont City Attorney, Fairmont, for appellant.

Jim and Lynette Chipman, Fairmont, pro se.

Matthew T. Nielsen, Scott & Nielsen, P.A., Fairmont, for respondent Kenneth Krueger, d/b/a Krueger Realty, Inc.

Considered and decided by HALBROOKS, Presiding Judge, PETERSON, Judge, and WILLIS, Judge.

## OPINION

HALBROOKS, Judge.

Appellant City of Fairmont challenges the summary judgment granted by the district court in favor of respondent landowners in a consolidated special assessment appeal. Appellant argues: (1) the district court lacked subject matter jurisdiction to hear respondents' joint appeal; and (2) appellant's assessment method was valid and created a genuine issue of material fact as to whether the assessments exceeded the special benefits. Respondents seek damages on appeal under Minn. R. Civ.App. P. 138. Because we conclude respondents were properly joined and appellant's assessment method was prima facie invalid, we affirm. Respondents' request for damages on appeal is denied.

## FACTS

In October 1997, the Fairmont City Council held a public hearing on proposed assessments for street improvements. All of respondents entered objections to the assessments on their properties prior to the hearing. The formula under which the assessments were determined was included in the city's "assessment policy." Under section 5.2 of the assessment policy,

> [a]ssessments are to be based on a 36 foot wide street regardless of the actually constructed width. Costs are to be on a front footage basis, with construction costs plus administrative costs equal to the past three year average for like construction of a 36 foot wide street. In the event the actual construction costs are 15% less than the previous three year average construction costs, the property owners will be eligible for an assessment credit upon authorization by the Council. If the actual construction costs exceed the previous three year average costs, the City will absorb the difference.

At the completion of the hearing, the city council adopted the special assessments as originally proposed, finding the improvements benefited the properties in the amount of the assessments.

Twenty-seven property owners (the Bisbee respondents) filed a joint appeal of their special assessments with the district court pursuant to Minn.Stat. § 429.081. A single filing fee was paid. Individual respondents Jim and Lynette Chipman and Kenneth Krueger, d/b/a Krueger Realty, Inc., filed separate appeals. The Chipmans and Krueger each paid a filing fee. The district court consolidated the cases for the purpose of hearing and ruling on common legal issues.

Appellant filed a motion to dismiss for lack of jurisdiction or, in the alternative, summary judgment. On the same date, the Bisbee respondents filed a motion for summary judgment. The district court denied appellant's motions and granted summary judgment in favor of respondents in all three cases. In doing so, the district court concluded: (1) the Bisbee respondents were properly joined under Minn. R. Civ. P. 20.01 because the issues of fact and law regarding

the legality of the special assessments were common to all respondents; and (2) appellant's assessment procedure was prima facie invalid because it failed to approximate the benefits received. The district court ordered the properties reassessed pursuant to Minn. Stat. § 429.071, subd. 2. This appeal followed.

## ISSUES

1. Did the district court have subject matter jurisdiction over the Bisbee respondents' joint appeal?

2. Did the district court err in concluding appellant's assessment method was prima facie invalid?

3. Are respondents entitled to damages on appeal?

## ANALYSIS

### I.

■ Appellant argues the district court erred by denying appellant's motion to dismiss the 26 Bisbee respondents who did not pay individual filing fees. Appellant contends that because those respondents were improperly joined, the district court lacked subject matter jurisdiction over their assessment appeals. Subject matter jurisdiction is a question of law, which this court reviews de novo. *Naegele Outdoor Adver., Inc. v. Minneapolis Community Dev. Agency*, 551 N.W.2d 235, 236 (Minn.App.1996).

Minn. R. Civ. P. 20.01 provides in relevant part:

All persons may join in one action as plaintiffs if they assert any right to relief, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of fact or law common to all these persons will arise in the action.

But the rules of civil procedure "do not supersede the provisions of statutes relating to appeals to the district courts." Minn. R. Civ. P. 81.02.

■ Appellant asserts Minn. R. Civ. P. 20.01 does not apply to appeals of special assessments because it conflicts with and is superseded by Minn.Stat. § 429.081 (1998), which provides in relevant part:

Within 30 days after the adoption of the assessment, any person aggrieved, who is not precluded by failure to object prior to or at the assessment hearing, or whose failure to so object is due to a reasonable cause, may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the court administrator of the district court within ten days after its service. * * * This section provides the exclusive method of appeal from a special assessment levied pursuant to this chapter.

The conditions imposed by a statute providing for appeals from assessments demand strict compliance. *Wessen v. Village of Deephaven*, 284 Minn. 296, 170 N.W.2d 126, 128 (1969); *Village of Edina v. Joseph*, 264 Minn. 84, 94, 119 N.W.2d 809, 816 (1962).

■ Appellant argues the statutory language referring to any *person* and *the* assessment contemplates only individual appeals and precludes joinder under Minn. R. Civ. P. 20.01. But the supreme court has held Minn. R. Civ. P. 20.01 applicable to appeals to the district courts under the drainage laws despite similar statutory language. *See Lenz v. Coon Creek Watershed Dist.*, 278 Minn. 1, 18 n. 36, 153 N.W.2d 209, 221 n. 36 (1967) (interpreting Minn.Stat. §§ 112.792, 112.80 (1961), as allowing joinder under Minn. R. Civ. P. 20.01); *see also Village of Edina*, 264 Minn. at 101, 119 N.W.2d at 820 (recognizing procedural parallels between special assessment appeals under chapter 429 and under the drainage laws). Furthermore, when interpreting statutory language, "[t]he singular includes the plural; and the plural, the singular * * * ." Minn. Stat. § 645.08(2) (1998). Because we find nothing in the statute inconsistent with joinder, we conclude Minn. R. Civ. P. 20.01 applies to assessment appeals brought under Minn.Stat. § 429.081.

■ The next question to be addressed is whether the Bisbee respondents were properly joined under Minn. R. Civ. P. 20.01. The *Lenz* decision is also instructive on this point. In determining how the rule applied, the court distinguished two types of appeals presented in the case,

those relating to the legality of the order issued by the Managers approving the project and determining the total amount of assessments and damages, and those relating to the propriety of the benefits assessed and the damages allowed as to the individual landowners.

*Lenz,* 278 Minn. at 18, 153 N.W.2d at 221. The court concluded joinder was proper with respect to the former type of appeal because that "category involved identical alleged rights of the appellants, which arose out of the same proceeding and contained the same issues of fact and law." *Id.* at 18, 153 N.W.2d at 222. But the court determined joinder was inappropriate with respect to the latter type of issue because "each of the issues falling into the latter category would necessarily be resolved on the basis of the particular facts relevant to each individual landowner's property." *Id.* at 19, 153 N.W.2d at 222. The court concluded the joined parties were properly dismissed as to the second issue after the first issue was resolved against them. *Id.* With no common question of law or fact remaining, the district court lacked jurisdiction to hear the joint appeal of the second issue. *Id.*

■ In the instant case, the Bisbee respondents made multiple claims, including the claim that appellant's assessment method was prima facie invalid and the claim that respondents' properties were not benefited in the amount of the assessments. Under the *Lenz* analysis, the Bisbee respondents were properly joined with respect to the issue of the prima facie validity of appellant's assessment method because it "involved identical alleged rights of all the [respondents], which arose out of the same proceeding and contained the same issues of fact and law." *Id.* at 18, 153 N.W.2d at 221. Because the district court granted summary judgment based on this common claim, we need not decide whether the Bisbee respondents would have been properly joined for litigation of their individual claims. As to their common claim, they were properly joined. The district court did not lack subject matter jurisdiction to hear the joint appeal.

## II.

■ Appellant further contends the district court erred in determining its assessment method was prima facie invalid and, therefore, appellant claims summary judgment in favor of respondents was inappropriate. On appeal from summary judgment, a reviewing court determines whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Wartnick v. Moss & Barnett,* 490 N.W.2d 108, 112 (Minn.1992). In making its determination, "the court must view the evidence in the light most favorable to the nonmoving party." *State by Beaulieu v. City of Mounds View,* 518 N.W.2d 567, 571 (Minn.1994). Deference need not be given to the district court's application of the law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ The cost of an improvement "may be assessed upon property benefited by the improvement, based upon the benefits received * * * ." Minn.Stat. § 429.051 (1998). Limitations on a municipality's power of special assessment are:

(a) The land must receive a special benefit from the improvement being constructed,

(b) The assessment must be uniform upon the same class of property, and

(c) The assessment may not exceed the special benefit.

*Lunderberg v. City of St. Peter,* 398 N.W.2d 579, 583 (Minn.App.1986) (citing *Carlson–Lang Realty Co. v. City of Windom,* 307 Minn. 368, 369, 240 N.W.2d 517, 519 (1976)).

[A] special assessment by a municipality, constituting as it does an exercise of the legislative and executive functions of local government, is entitled to a "presumption of validity."

*Buettner v. City of St. Cloud,* 277 N.W.2d 199, 202 (Minn.1979) (citation omitted). Therefore, introduction of the municipality's assessment roll generally "constitutes prima facie proof that the assessment does not exceed special benefit." *Carlson–Lang,* 307 Minn. at 370, 240 N.W.2d at 519. But an assessment is "void on its face" if it fails to even "approximate a market-value analysis." *Continental Sales & Equip. v. Town of Stuntz,* 257 N.W.2d 546, 551 (Minn.1977).

■ The district court concluded appellant's "method of calculating assessments

fail[ed] to even approximate a market analysis" and was therefore prima facie invalid. The district court came to that conclusion because appellant's method was based on the average cost of projects from the prior three-year period. Appellant contends its method was valid because it used front-footage to compute the assessments. *See id.* at 550 (holding the front-footage method is acceptable).

Appellant ignores the fact that the front-footage method is based on the cost of the improvement assessed. *See, e.g., Anderson v. City of Bemidji,* 295 N.W.2d 555, 557 (Minn.1980) (calculating front-footage assessment based on cost of improvement); *State v. Pillsbury,* 82 Minn. 359, 372, 85 N.W. 175, 178 (1901) (holding assessment void as arbitrary where the front-footage calculation did not consider the cost of the improvement); 70A Am.Jur.2d *Special or Local Assessments* § 102 (1987) (describing the front-footage method in relation to the cost of the improvement). While a standard front-footage calculation based on the cost of the improvement is deemed reasonably related to the value of special benefits, *Continental Sales,* 257 N.W.2d at 550, the assumption on which that conclusion rests is that the cost of improvement is related to the value of the benefits. Here there is no such connection.

By using costs from previous years, appellant's assessment method fails to approximate a market analysis. Averaging costs over the previous three years, appellant assessed each front-foot at an arbitrary amount. The method was completely unrelated to the costs of construction of a particular improvement in a particular year. While we recognize the total assessments did not exceed the cost of construction, the assessment method makes no attempt to approximate the special benefits received.

 Furthermore, although special assessments may be based on a combination of projects, they may not be based on projects undertaken in different years. *Quality Homes, Inc. v. Village of New Brighton,* 289 Minn. 274, 286, 183 N.W.2d 555, 561–62 (1971). In *Quality Homes,* the municipality combined sewer improvement projects from 1963 and 1964 for assessment purposes. *Id.*

at 276, 183 N.W.2d at 557. The supreme court, construing Minn.Stat. § 435.56 (1970),[1] concluded assessments must be made at the time the proceedings for a public improvement are instituted and may not be spread over several years. *Id.* at 286–87, 183 N.W.2d at 562–63. Here, appellant did not combine past years' projects with the complained-of project, but instead used the costs from the previous three years' projects to devise its assessment formula for the current project. The assessment method used by appellants is functionally equivalent to that prohibited in *Quality Homes* —spreading the cost of improvements over several years. We conclude combining the costs of projects undertaken over several years for assessment purposes is no more permissible than combining the projects themselves.

The district court properly concluded appellant's assessment method was prima facie invalid. The assessment roll was not entitled to a presumption of validity and, because appellant introduced no other evidence of special benefits, summary judgment was properly granted.

### III.

 Respondents request damages on appeal based on their contention appellant brought the appeal to delay the proceedings. Minn. R. Civ.App. P. 138 provides for damages on appeal where "an appeal delays proceedings on a judgment of the trial court and appears to have been taken merely for delay." We conclude appellant raised significant issues on appeal. Respondents' request for damages is, therefore, denied.

### DECISION

The Bisbee respondents were properly joined for adjudication of their common claim. Appellant's assessment method was arbitrary and prima facie invalid. Respondents are entitled to have their properties reassessed pursuant to Minn.Stat. § 429.071, subd. 2 (1998).

**Affirmed.**

1. Minn.Stat. § 435.56 has not been amended since *Quality Homes* was decided.